1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 13CR3560-WQH |
| Plaintiff, | 14MJ907-BGS |
| | 14MJ908-BGS |
| vs. | |
| | ORDER |
| SOFIA MARTINEZ, | |
| Defendant. | |

14

HAYES, Judge:

The matter before the Court is the Objection to Release of Material Witnesses (ECF No. 60) filed by Defendant Sofia Martinez.

## BACKGROUND FACTS

Defendant is charged in an indictment with conspiracy to bring in illegal aliens for financial gain in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 371. The Government alleges that Defendant was part of an organization that smuggled individuals from Mexico into the United States in violation of the immigration laws using a variety of means, most notably jet skis. Included in the discovery provided to the Defendant by the Government is an event which took place on February 12, 2103. On that date, Arturo Torres-Mondragon and Jose Luis Lopez-Corona were arrested illegally entering the United States by jet ski. Torres-Mondragon and Lopez Corona were released and returned to Mexico after their initial arrest. After Torres-Mondragon and Lopez Corona were connected to the alleged conspiracy in this case, look-outs were placed in TECS to alert the Department of Homeland Security in the event that they

1    attempted to return to the United States.

2         On May 9, 2014, in separate events, Torres-Mondragon and Lopez-Corona

3    attempted to re-enter the United States.  They were detained and are currently being

4    held as material witnesses in this case.

5         On May 22, 2014, video-taped depositions were held for Torres-Mondragon and

6    Lopez-Corona.  Defendant Martinez and her counsel were present at each deposition

7    along with counsel for the material witness.  Counsel for the Government and Counsel

8    for the Defendant conducted a full examination of each material witness.  The relevance

9    of the testimony for the Government is the statements by the material witnesses that

10   they illegally entered the United States on February 12, 2013, and that they are Mexican

11   citizens.  Neither Torres-Mondragon nor Lopez-Corona identified Defendant Martinez

12   as someone involved in their attempted entry into the United States on February 12,

13   2013.

14        Trial for Defendant Martinez will begin on September 3, 2014.

15                **CONTENTIONS OF THE PARTIES**

16        Torres-Mondragon and Lopez Corona contend that the opportunity to cross-

17   examine them at the deposition was adequate, that each material witness testified that

18   under oath that he never had any dealings with Defendant Martinez, and that each

19   material witness has indicated that he is willing to return for trial.  Torres-Mondragon

20   and Lopez Corona  asserts that there is no legal reason for their continued detention and

21   the resulting hardship to their families.

22        Defendant Martinez objects to the release of the material witnesses on the

23   grounds that their release will infringe her confrontation rights under the Sixth

24   Amendment of the United States Constitution.  Defendant asserts that the Government

25   is continuing to disclose discovery and investigate the case.  Defendant contends that

26   her opportunity to cross-examine these material witnesses is not adequate where the

27   theory of the defense may change at any point prior to trial.

28        The Government contends that the release of the material witnesses does not

1   violate Defendant's confrontation right.  The Government asserts that Defendant had

2   all reports and other discovery related to the February 12, 2013 event prior to the May

3   22, 2014 deposition.  The Government asserts that the testimony of Torres-Mondragon

4   and Lopez Corona is limited to the fact of their illegal entry and their citizenship and

5   that the Defendant has fully examined these facts at the deposition.  The Government

6   asserts that no future discovery materials will effect the fact that Torres-Mondragon and

7   Lopez Corona did not identify Defendant.

8                              **RULING OF THE COURT**

9          18 U.S.C. § 3144 provides in part that "[n]o material witnesses may be detained

10  because of inability to comply with any condition of release if the testimony of such

11  witness can adequately be secured by deposition, and if further detention is not

12  necessary to prevent a failure of justice.  Release of a material witness may be delayed

13  for a reasonable period of time until the deposition of the witness can be taken pursuant

14  to the Federal Rules of Criminal Procedure."  18 U.S.C. § 3144.

15         In *Torres-Ruiz v. United States District Court*, 120 F.3d 933 (9th Cir. 1997), the

16  Court of Appeals concluded that the extraordinary relief of mandamus was justified in

17  the case of "[t]he continued detention of [] material witnesses, whose testimony could

18  be adequately preserved by videotaped deposition and whose families are suffering

19  hardship as a result of [their] continued detention.  *Id.* at 936.  The Court of Appeals

20  explained that "Rule 15(a) and § 3144 provide a detained witness with a mechanism for

21  securing his own release.  He must file a 'written motion' ... requesting that he be

22  deposed.  The motion must demonstrate that his 'testimony can adequately be secured

23  by deposition,'and that 'further detention is not necessary to prevent a failure of

24  justice.'  Upon such showing, the district court *must* order his deposition and prompt

25  release."  *Id*. at 935, quoting *Aquilar-Ayala v. Ruiz*, 973 F.2d 411, 413 (5th Cir. 1992).

26         Depositions in a criminal case are authorized for detained material witnesses

27  where they are consistent with a defendant's constitutional rights.  *See* Fed.R.Crim.P.

28  15(a)(2).  "Where testimonial evidence is at issue, ... the Sixth Amendment requires the

1  unavailability of the witness and a prior opportunity for cross-examination." *Crawford*
2  *v. Washington*, 541 U.S. 36, 68 (2004).  In order to provide an adequate opportunity for
3  cross-examination, the Defendant must have full access to  relevant discovery before
4  any deposition is taken which may be used at trial.

5          Under the facts of this case, full depositions were conducted of each material
6  witness in compliance with Rule 15 of the Federal Rules of Criminal Procedure as to
7  all relevant issues.  Prior to the depositions, Defendant Martinez was provided with all
8  discovery related to the February 12, 2013 event.   At this stage in the proceedings,
9  Defendant Martinez has not identified any aspect of the witnesses testimony that have
10 not been adequately secured by the depositions.  The material witnesses have agreed to
11 appear at trial and there is no indication at this stage in the proceedings that they will
12 not be available to appear at trial.  The Court concludes that the testimony of Torres-
13 Mondragon and Lopez Corona  has been adequately secured by deposition, and further
14 detention is not necessary to prevent a failure of justice. The further detention of Torres-
15 Mondragon and Lopez Corona is not authorized pursuant to 18 U.S.C. § 3144.      IT
16 IS HEREBY ORDERED that the Objection to Release of Material Witnesses (ECF No.
17 60) filed by Defendant Sofia Martinez is overruled.

18 DATED:  July 2, 2014

19                                          *William Q. Hayes*
                                           **WILLIAM Q. HAYES**
20                                          United States District Judge

21
22
23
24
25
26
27
28